**WO**

1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8

9
Kedir Essa Esmael,                    )        No. CV 12-0916-PHX-RCB (MEA)
10                                     )
             Plaintiff,                )               **ORDER**
11                                     )
vs.                                    )
12                                     )
Geri Tagliaferri, et al.,             )
13                                     )
             Defendants.               )
14 _____    )

15          Plaintiff Kedir Essa Esmael, who is confined in the Eloy Detention Center (EDC), a

16   Corrections Corporation of America (CCA) facility,[1] in Eloy, Arizona, has filed a *pro se* civil

17   rights Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of</u>

18   <u>Narcotics</u>, 403 U.S. 388 (1971), and an Application to Proceed *In Forma Pauperis*.  (Doc.

19   1, 2.)  Plaintiff has also filed a motion to amend the damages sought in his Complaint.  (Doc.

20   5.)  The Court will dismiss the Complaint and this action and deny the motion as moot.

21   **I.     Application to Proceed *In Forma Pauperis***

22          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  (Doc. 2.)  This

23   action was opened as a "prisoner" civil rights case and referred to the Court's staff for review

24   pursuant to LR Civ. 72.1(b).  A "prisoner" is statutorily defined as "any person incarcerated

25   _____

26          [1] EDC holds immigration detainees pursuant to contract with the Bureau of
     Immigration and Customs Enforcement (ICE).  <u>See</u> http://www.cca.com/facility/
27   eloy-detention-center/  (last visited June 13, 2012).

28

or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h).  That is, a "prisoner" is a person who is "currently detained as a result of accusation, conviction, or sentence for a *criminal* offense."  Agyeman v. INS, 296 F.3d 871, 885, 886 (9th Cir. 2002) (citing Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000)).  An alien pending deportation proceedings, which are civil rather than criminal in nature, is not a "prisoner," so long as the alien is not also facing criminal charges.  Id. at 885-87.

At the time Plaintiff commenced this action, he was in the custody of Immigration and Customs Enforcement (ICE) as an immigration detainee and not in connection with pending criminal proceedings.  Plaintiff is not, therefore, a "prisoner" within the meaning of 28 U.S.C. §§ 1915(a)(2), 1915A, or 42 U.S.C. § 1997e, and he is not subject to the incremental fee payment requirement of § 1915(a)(2).  Plaintiff otherwise qualifies to proceed *in forma pauperis*.  Accordingly, Plaintiff will be granted leave to proceed *in forma pauperis*.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

- 2 -

1   statements, do not suffice." Id.

2        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

3   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

4   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

5   that allows the court to draw the reasonable inference that the defendant is liable for the

6   misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

7   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

8   experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

9   allegations may be consistent with a constitutional claim, a court must assess whether there

10  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

11       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

12  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

13  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

14  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

15  94 (2007) (*per curiam*)).

16       If the Court determines that a pleading could be cured by the allegation of other facts,

17  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

18  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

19  will dismiss Plaintiff's Complaint for failure to state a claim without leave to amend because

20  the Complaint cannot be amended to state a claim.

21  **III.   Complaint**

22       Plaintiff alleges two counts for denial of constitutionally-adequate medical care and

23  threat to safety.  Plaintiff sues the following current or former employees of EDC: Registered

24  Nurse (RN) Geri Tagliaferri and [First Name Unknown] Rodriguez; Renee Kania; and Phillip

25  Farabaugh.  Plaintiff seeks compensatory relief.

26  **IV.   Failure to State a Claim**

27       Plaintiff alleges violations of his federal constitutional rights by persons acting under

28                                        - 3 -

color of federal law pursuant to <u>Bivens</u>.  To state a <u>Bivens</u> claim, a plaintiff must allege that persons acting under color of federal law violated his constitutional rights.  <u>Martin v. Sias</u>, 88 F.3d 774, 775 (9th Cir. 1996) (citing <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991)).  Thus, an action under <u>Bivens</u> is analogous to one brought pursuant to 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>.  <u>Id.</u>; <u>but see</u> <u>Correctional Servs. Corp. v. Malesko</u>, 534 U.S. 61, 70-71 (2001); <u>Minneci v. Pollard</u>, 132 S.Ct. 617, 623 (2012).  To state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff sues CCA employees for alleged failures to provide constitutionally-adequate medical care and threats to safety.  The United States Supreme Court has declined to expand <u>Bivens</u> to include a private right of action against a private entity under contract with the federal government.  <u>Correctional Servs. Corp. v. Malesko</u>, 534 U.S. 61, 70-71 (2001).  Further, in <u>Minneci v. Pollard</u>, 132 S.Ct. 617, 623 (2012), the Supreme Court declined to expand <u>Bivens</u> to include a private right of action for damages against employees of a private entity under contract with the federal government where state tort law provides an alternative, existing process capable of protecting the constitutional interests at stake.  Arizona tort law provides such an alternative for injuries due to the denial of medical care and failure to protect against threats to safety.

For the above reasons, Plaintiff fails to state a federal claim against any Defendant in his Complaint.  Further, Plaintiff cannot amend his Complaint to state a federal claim against any of the Defendants.  Accordingly, Plaintiff's Complaint and this action will be summarily dismissed.

**V.      Dismissal without Leave to Amend**

As discussed above, Plaintiff may not seek damages against any of the Defendants for the claimed Eighth Amendment violations, nor may he amend the Complaint to state a

1  <u>Bivens</u> claim against any CCA employee because state tort law affords an alternative to such

2  claims.  Accordingly, the Complaint and this action will be denied.

3  **IT IS ORDERED:**

4         (1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

5         (2)     The Complaint and this action are **dismissed** for failure to state a claim without

6  leave to amend.

7         (3)     Plaintiff's motion to amend the demand for compensatory relief in his

8  Complaint is **denied**.  (Doc. 5.)

9         (4)     The Clerk of Court must enter a judgment of dismissal of this action.

10         (5)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

11  § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

12  decision would not be taken in good faith.

13         DATED this 26th day of June, 2012.

14

15

16  _____

17  Robert C. Broomfield
    Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28                  - 5 -